IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01049-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

STEPHEN HOLWEGER,

    Defendant.

---

**ORDER ACCEPTING MAGISTRATE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 35]. The Recommendation addresses defendant's Motion for Summary Judgment [Docket No. 28]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

The material facts are not in dispute. On April 8, 2018, plaintiff purchased a computer mouse at the electronics counter of a Walmart in Aurora, Colorado. *See* Docket 28 at 4, ¶ 3. Plaintiff declined to take a bag for the mouse. *Id.* Plaintiff then hid the receipt by placing it between his cell phone and his cell phone case. *Id.* at 5, ¶ 4. When a sales clerk offered him a bag a second time, plaintiff again declined. *Id.*, ¶ 5. Plaintiff then purchased juice at a different check out line while hiding the mouse from

---

[1] The Court assumes that the allegations in plaintiff's amended complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

the cashier. *Id.*, ¶ 6. Instead of leaving through an exit door, plaintiff left through a door marked "entrance" with the unbagged juice and mouse. *Id.*, ¶ 8. Defendant, who is a police officer with the Aurora Police Department, asked plaintiff, "Hey sir, do you have a receipt?" *Id.*, ¶ 9. Plaintiff told defendant, "I don't think I have to show you that," to which defendant responded that, if plaintiff purchased something, he must have a receipt. *Id.* at, 5, 6 ¶¶ 10, 11. Plaintiff asked defendant if he was being detained, and defendant told plaintiff that he could leave, but he had to show his receipt. *Id.* at 6, ¶¶ 12-13. Defendant then continued to tell plaintiff that he can leave without the merchandise if he does not show a receipt or with the merchandise if he has one. *Id.*, ¶¶ 14-15. During this time, defendant was standing in front of plaintiff. *See* Docket No. 34 at 2 (stating that defendant does not dispute that "he was standing in front of [p]laintiff when he was speaking to [p]laintiff"). Defendant then took plaintiff's items. *See id.*

Thereafter, plaintiff went back into the store and took several items similar to the juice and mouse, and tried to leave the store without paying for them. Docket No. 28 at 6, ¶ 18. Defendant then placed plaintiff under arrest and transported plaintiff to jail.[2] *Id.*, ¶¶ 19, 21. At some point after arrest, plaintiff informed the Aurora Police officers at the jail that he had a receipt for the mouse. *Id.* at 7, ¶ 22. The officers verified the

---

[2] Although plaintiff "neither confirms nor denies" that he was arrested, *see* Docket No. 33 at 5, ¶ 19, plaintiff is required to admit or deny each fact, or the Court may deem that fact admitted. *See* Fed. R. Civ. Proc. 56(e)(2) (permitting a court to consider a fact that a party "fails to properly address" as "undisputed for the purposes of the motion"); *see also Townsend v. Adams 12 Five Star Schs.*, No. 16-cv-02354-PAB-MEH, 2018 WL 741026, at *1 n.2 (D. Colo. Feb. 7, 2018) (considering "plaintiff to have admitted" facts to which she did not respond). Accordingly, by failing to admit or deny that he was arrested, the Court deems this fact admitted.

veracity of the receipt, released plaintiff, gave him his merchandise back, and drove him to the bus stop. *Id.*, ¶ 23.

On April 8, 2020, plaintiff filed suit. *See* Docket No. 1. Plaintiff asserts claims under the Fourth Amendment for unlawful detention and unlawful seizure of his property. *See id.* at 4. On August 6, 2020, defendant filed a motion for summary judgment as to both of plaintiff's claims. *See* Docket No. 28. Magistrate Judge Michael E. Hegarty issued a recommendation on defendant's motion on October 9, 2020. *See* Docket No. 35. Plaintiff filed an objection on October 9, 2020, *see* Docket No. 36, and defendant responded. *See* Docket No. 37.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of

3

the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the

nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

### A. Reasonable Suspicion

Magistrate Judge Hegarty recommends that summary judgment should enter in favor of defendant on plaintiff's claim for unlawful detention based on qualified immunity. *See* Docket No. 35 at 8-9. Specifically, the magistrate judge concluded that plaintiff provided no on point Tenth Circuit or Supreme Court decision demonstrating that he had a right to be free from an officer stopping him as he left a store with unbagged items and no visible receipt. *Id.* at 9. Magistrate Judge Hegarty also held that plaintiff's reliance on a decision from the Texas Court of Appeals could not demonstrate a clearly established right. *See id.* Even assuming the Texas case could show a clearly established right, the recommendation determined that it was materially different from plaintiff's situation. *See id.* at 9. Plaintiff objects and argues that his asserted case, *Walmart Stores, Inc. v. Odem*, 929 S.W.2d 513 (Tex. App. 1996), is

5

materially the same as plaintiff's situation and, as a result, he has demonstrated a clearly established right.

The Court is unpersuaded. Qualified immunity "protects public employees from both liability and 'from the burdens of litigation' arising from their exercise of discretion." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013)). For a claim to survive a qualified immunity defense, a plaintiff must "demonstrate '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Id.* (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015)). Courts are permitted to address the prongs of the qualified immunity analysis in any order that they wish and, should "think hard" before addressing both prongs of the analysis. *See Hunt v. Bd of Regents of Univ. of N.M.*, 792 F. App'x 595, 600-01 (10th Cir. 2019) (unpublished) (citing *Camreta v. Greene*, 563 U.S. 692, 707 (2011)); *see also Yeasin v. Durham*, 719 F. App'x 844, 850 (10th Cir. 2018) (unpublished) ("We can analyze either prong of the qualified immunity test first and can resolve the case solely on the clearly established prong." (citing *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013)). To demonstrate a clearly established right, plaintiff is required to show a "Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts" to demonstrate that a right was clearly established. *See Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010).

Regardless of any purported similarity between *Odem* and plaintiff's situation, it cannot serve as the basis to demonstrate a clearly established right. It is not an "on

6

point" Supreme Court or Tenth Circuit decision.  *Wilson*, 625 F.3d at 690.  Moreover, there is no indication from the Tenth Circuit or elsewhere that a single, state court of appeals decision could supply the requisite "weight of authority" to clearly establish the right in the Tenth Circuit.  *Id.*  Accordingly, plaintiff's objection as to *Odem* is overruled.

Although only briefly mentioned in plaintiff's objections, the Court also notes that *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423 (10th Cir. 1984), and *Baptiste v. J.C. Penney Co., Inc.*, 147 F.3d 1252 (10th Cir. 1998), which relies on *Lusby*, do not supply clearly established law.  Each case deals with probable cause in the shoplifting context, not reasonable suspicion, and the message of those cases is that "police officers may not ignore easily accessible evidence and thereby delegate their duty to investigate and make an independent probable cause determination on that investigation."  *See Baptiste*, 147 F.3d at 1259.  The Tenth Circuit did not, however, clearly establish any right regarding leaving an establishment with unbagged items and no visible receipt.  Thus, even if defendant violated plaintiff's rights – an issue that the magistrate judge did not reach – the Court agrees that there is no clearly established right such that plaintiff can surmount qualified immunity.

### B.  Unreasonable Seizure

Magistrate Judge Hegarty also recommends that defendant is entitled to qualified immunity regarding the temporary seizure of plaintiff's computer mouse and juice.  *See* Docket No. 35 at 9-10.  Specifically, the magistrate judge concluded that it was not clearly established that defendant could not seize plaintiff's items during his investigative detention.  *See id.*  Plaintiff objects, arguing that the issue is not that

defendant temporarily seized the mouse and juice, but that he relocated them "several dozen feet away." See Docket No. 36 at 4-5.

The Court agrees with the magistrate judge that there is no clearly established right that an officer may not temporarily seize items believed to be stolen while an investigation into the items' status is conducted. The transportation of the items "several dozen feet away," *id.*, does not change the analysis.

Plaintiff relies on two cases in support of his argument that he had a clearly established right to not have his items moved away during the investigative stop, *United States v. Place*, 462 U.S. 696, 697 (1983), and *Dunaway v. New York*, 442 U.S. 200 (1979). Neither establish such a right. In *Place*, the plaintiff, after arousing the suspicion of law enforcement in two different airports, had his luggage seized at LaGuardia Airport due to a belief that the luggage contained narcotics. See 462 U.S. at 698-99. The luggage was taken to a different airport, where a drug detection dog conducted a sniff test. *Id.* at 699. The dog alerted to the smaller of the bags, but was ambiguous in its alert to the other, larger one. *Id.* "Because it was late on a Friday afternoon," the officers held the luggage until Monday morning, at which point they secured a warrant for the smaller bag, in which the officers found 1,125 grams of cocaine. *Id.* The Supreme Court extended *Terry v. Ohio*, 392 U.S. 1 (1968), holding that officers are permitted to make "warrantless seizures" of personal luggage "for the purpose of pursuing a limited course of investigation," so long as there is reasonable suspicion that the luggage contains "contraband or evidence of a crime." *Place*, 462 U.S. at 702. *Place* held that "limitations applicable to investigative detentions of the

person should define the permissible scope of an investigative detention." *Id.* at 709. The Court held that "the length of detention . . . alone precludes the conclusion that the seizure was reasonable in the absence of probable cause." *Id.* The Supreme Court noted that this violation was "exacerbated" by failing to inform the plaintiff where the luggage was going, how long the officers would keep it, and how the plaintiff could reclaim his belongings. *Id.* at 710.

Contrary to plaintiff's implication that *Place* somehow prevented defendant from bringing the merchandise to a security box some 30 odd feet away, the Supreme Court placed little if any weight on the fact that the luggage was taken to an entirely different airport and then to another location while the officers secured a warrant. Rather, it was the length of the detention – 90 minutes before the sniff test was conducted – that was the determinative factor. *See id.* at 709. But plaintiff here makes no argument regarding the length of time that the items were held, only that their relocation "far exceeded the scope" of the seizure. *See* Docket No. 36 at 4. Thus, even if *Place* could be sufficiently specific to offer clearly established law in relation to shoplifting, it still would not provide clearly established law regarding the short distance from plaintiff that his items were taken.[3]

Plaintiff's citation to *Dunaway* is also unavailing. There, after learning that a lead regarding a burglary would be insufficient to get a warrant to question the petitioner,

---

[3] In his response to the motion for summary judgment, but not in his objection, plaintiff mentions that defendant did not inform plaintiff where the items were going or for how long they would be seized. *See* Docket No. 33 at 12. However, plaintiff offered no record evidence regarding these facts, disputed or undisputed, and plaintiff must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

officers took the petitioner into custody and questioned him anyway.  *See Dunaway*, 442 U.S. at 202-03.  The state of New York argued that *Terry* should be extended to brief custodial interrogations like the petitioner's.  *Id.* at 212.  The Supreme Court rejected that invitation, reasoning that, "[i]n contrast to the brief and narrowly circumscribed intrusions in [*Terry* and its progeny], the detention of petitioner was in important respects indistinguishable from a traditional arrest."  *Id.*  The petitioner was not questioned "briefly where he was found," but was, instead, transported to a police station, placed in an interrogation room, and would have been physically restrained had the petitioner tried to leave or refused to go with the officers.  *Id.*  As a result, the petitioner was subject to custodial interrogation and therefore "trigger[ed] the traditional safeguards against illegal arrest," namely, probable cause.  *Id.* at 216.

The Court does not see how *Dunaway* is analogous to plaintiff's situation such that it could supply clearly establish law.  Where the petitioner in *Dunaway* was brought to a police station and interrogated, plaintiff had his items placed in a security locker a few dozen feet away.  Plaintiff provides no support for his argument that placing the merchandise in the store security locker is "tantamount" to the "arrest" of the items.  Docket No. 36 at 4.  Contrary to plaintiff's assertion, officers are permitted to seize items pursuant to a *Terry* stop, as demonstrated by *Place*, to which plaintiff himself cites.  Accordingly, *Dunaway* does not provide any clearly established law to overcome defendant's claim of qualified immunity.[4]

---

[4] Plaintiff also makes a cursory reference to *Florida v. Royer*, 460 U.S. 491 (1983).  *See* Docket No. 36 at 4.  In *Royer*, officers detained a suspected narcotics trafficker at an airport "forty feet away" from where the officers encountered the suspect.  *See* 460 U.S. at 494.  The Court does not see, and plaintiff does not explain,

## IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 35] is accepted. It is further

**ORDERED** that the defendant's Motion for Summary Judgment [Docket No. 28] is **GRANTED**. It is further

**ORDERED** that judgment shall enter for defendant and against plaintiff on all claims. It is further

**ORDERED** that this case is closed.

DATED March 30, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

how the custodial interrogation of a person can supply clearly establish law regarding the temporary seizure of suspected stolen merchandise.

11